## ANNA GASPERMENT
*vs.*
## CITY OF MERIDEN

Superior Court          New Haven County          File No. 64655

MEMORANDUM FILED JANUARY 11, 1945.

*Albert E. Evans,* of New Haven, for the Plaintiff.

*Watrous, Gumbart & Corbin,* of New Haven, for the Defendant.

WYNNE, J.   It is unquestionably the fact that plaintiff's fall was upon the public sidewalk and was caused by an icy condition.   Otherwise the conclusion is compelling that at the time of the occurrence claim would have been made under competent advice against the adjoining property owner and probably with good effect.   The spot where she fell was fixed and certain and was within the knowledge of those who came to her help.   She therefore has asserted her claim as one predicated upon a breach of duty on the part of the municipality.

Her misfortune proves to be two-fold.   First the accident itself and then exemption of Meriden from liability for snow and ice as imposed almost universally upon other towns of the State.   It is cold comfort to her that legal legerdemain or legislative largesse deprives her of a remedy.   Yet the stubborn fact remains that the sidewalk where she fell was free from any defect within the meaning of the charter definition of liability nor can the court subscribe to the theory that conditions on the property adjoining the sidewalk created a hazard tantamount to a nuisance on the sidewalk itself.   The thesis is ingenious but as a legal proposition is untenable.   The argument that pedestrian traffic was naturally deflected around the offending corner in such a way as to lead to accident leaves untouched the technical difficulty presented by Meriden's unique charter provision.   In final analysis the duty of a town is defined by

statute. The recovery of damages is by way of penalty to enforce compliance with the duty's mandate. The sidewalk where plaintiff fell was reasonably safe for public travel except for patches of unsanded ice for which, in Meriden, there is no penalty.

The burden as to treacherous footing in Meriden during winter's uncertain whims is placed upon the luckless traveller—not on the public. The court regrets that the plaintiff, who sustained serious injury through no fault of her own, is in the position of bearing the burden.

Judgment must enter for the defendant.